IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| ISAAC BILAL PEARSON, | |
| --- | --- |
| *Petitioner*, | |
| v. | CIVIL ACTION NO. 18-04220 |
| ERIC TICE, SUPERINTENDENT, SCI SOMERSET, *et al.*, | |
| *Respondents*. | |

## ORDER

**AND NOW**, this 6th day of November 2019, upon consideration of Pearson's *pro se* Petition for Writ of Habeas Corpus (ECF No. 1), the Commonwealth's Response (ECF No. 15), Pearson's Reply (ECF No. 16), United States Magistrate Judge Lynne A. Sitarski's Report and Recommendation[1] (ECF No. 21), Pearson's Objections to the Report and Recommendation (ECF No. 23) and the State Court Record (ECF No. 25), the Court **ORDERS** that:

1. The Report and Recommendation (ECF No. 21) is **APPROVED** and **ADOPTED**;

2. Pearson's Objections to the Report and Recommendation (ECF No. 23) are **OVERRULED**;[2]

---

[1] The Court reviewed *de novo* the portions of the Report and Recommendation to which Pearson objected. *See* Fed. R. Civ. P. 72(b)(3).

[2] Pearson's objections reiterate arguments that Judge Sitarski correctly rejected in her Report and Recommendation and are overruled for the reasons Judge Sitarski stated. To the extent that Pearson objects that the Report and Recommendation did not address his claim that Attorney Long was ineffective on direct appeal, the Court overrules this objection because Pearson fails to explain how the state court's opinion rejecting that argument, *see Commonwealth v. Pearson*, No. 4988 EDA 2015 at *3–5 (Pa. Commw. Ct., July 16, 2018) (unpublished), was "contrary to" or entailed "an unreasonable application" of Supreme Court precedent or was based "on an unreasonable determination of the facts" in the record before it, 28 U.S.C. § 2254(d).

1

3. Pearson's Petition for Writ of Habeas Corpus (ECF No. 1) is **DENIED** and **DISMISSED**;

4. Pearson's request for a certificate of appealability is **DENIED** because reasonable jurists would not debate (a) that Pearson failed to make a substantial showing of the denial of a constitutional right, or (b) the correctness of the Court's procedural rulings. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); and

5. The Clerk of Court shall **MARK** the case **CLOSED**.

BY THE COURT:

*/s/ Gerald J. Pappert*

GERALD J. PAPPERT, J.